### ELMER DEERE v. STATE.

No. A-1399.   Opinion Filed May 16, 1912.

Appeal from Tulsa County Court;
N. J. Gubser, Judge.

Elmer Deere was convicted of violating the prohibitory law, and appeals.   Reversed.

Davidson & Williams, for plaintiff in error.

Smith C. Matson, Asst. Atty. Gen., for the State.

PER CURIAM.   The plaintiff in error, Elmer Deere, was convicted in June, 1911, on a charge of having the unlawful possession of intoxicating liquor with intent to sell the same, and his punishment fixed at a fine of one hundred fifty dollars and imprisonment in the county jail for a period of ninety days.   In the record the proof establishes the possession of beer at the residence of the accused.   There is no other competent evidence in the record tending to establish the intent.   The accused in his own behalf testified that the beer was an interstate shipment for his own personal use kept in his home.   This court has so often held that it is as essential for intent to be established by competent evidence beyond a reasonable doubt as it is to establish the possession that we do not feel called upon to discuss the question at length here. The judgment is reversed, and the cause remanded with direction to the court below to grant a new trial.

### JAKE REINERT v. STATE.

No. A-1328.   Opinion Filed May 16, 1912.

Appeal from Oklahoma County Court;
John W. Hayson, Judge.

Jake Reinert was convicted of violating the prohibitory law, and appeals.   Affirmed.

Lee F. Wilson and E. G. Wilson, for plaintiff in error.

Smith C. Watson, Asst. Atty. Gen., for the State.

PER CURIAM.   Jake Reinert, plaintiff in error, was convicted of having possession of intoxicating liquors with intent to sell the same, and was on the 22nd day of May, 1911, sentenced in accordance with the verdict of the jury to serve a term of six months in the county jail, and to pay a fine of five hundred dollars and stand committed until such fine is satisfied according to law.   The proof on the part of the prosecution shows that defendant was found in possession of intoxicating liquors at his place of business, 125 West California street, Oklahoma City, and proof of the payment by the defendant of the special tax required of retail liquor dealers by the United States, by a certified copy of the records of the collector of internal revenue for the district of Oklahoma, was made.   There was no evidence offered on the part of the defendant.   From an examination of the record and transcript our conclusion is that the appeal in this case is wholly destitute of merit.   The judgment of the county court of Oklahoma county is therefore affirmed and the cause remanded thereto forthwith with direction to enforce its judgment and sentence.